```
                   IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF KANSAS
```

**JAMES E. VAN HOUTEN,**

        Petitioner,

                                CIVIL ACTION
   vs.                      No. 10-3215-SAC

**ROGER WERHOLTZ,**

        Respondent.


**MEMORANDUM AND ORDER**

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se.

Petitioner was convicted in the District Court of Cherokee County, Kansas, in June 2002, pursuant to a guilty plea. He unsuccessfully challenged that conviction in an earlier habeas corpus action. *Van Houten v. Werholtz*, 2005 WL 1076530 (D. Kan. 2005). Therefore, the present action is a successive petition. *See* U.S.C. § 2244(b).

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a gatekeeping provision for second or successive petitions for habeas corpus. Under the § 2244(b)(3)(A), as amended, a petitioner seeking to file a second or successive

petition for habeas corpus must seek authorization from the Court of Appeals before presenting a successive petition in the District Court. There is no evidence that petitioner received authorization in the Tenth Circuit Court of Appeals to pursue a successive action.

In the Tenth Circuit, "[w]hen a second or successive § 2254 ... claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

In the *Cline* decision, the Tenth Circuit Court identified the factors for determining whether a transfer is in the interest of justice as (1) whether the claims would be time-barred, (2) whether the claims advanced are likely to be meritorious, and (3) whether the claims were filed in good faith. *Cline*, 531 F.3d at 1251.

The court finds the present action does not satisfy these factors. First, the claims presented by petitioner appear to be time-barred under the one-year limitation period that applies to a habeas corpus action. *See* 28 U.S.C. § 2244(d). Next, the claims asserted by the petition, namely, that the autopsy and

competency reports were fabricated, that a co-defendant stated in a confession that petitioner only burglarized the house, and that the Hard 50 sentence may be imposed only by a jury, do not support a finding of likely merit.

First, petitioner relies on a magazine article to support his contention that the autopsy report in his case was fabricated. Next, he supports the challenge to the competency report only by saying that the report was copied from a case against him from five months earlier. These claims are not supported by any persuasive factual assertions, nor were they presented to the state courts.

Third, petitioner's assertion that a co-defendant confessed to the murder does not suggest a meritorious claim exists. The record established in the earlier petition shows petitioner placed a bag over the victim's head in an attempt to asphyxiate her, and his co-defendant broke the victim's neck. The coroner's report stated the cause of death was asphyxiation from the bag or the breaking of her neck. *Van Houten v. Werholtz*, 2005 WL 1076530, *1.[1]

Finally, petitioner unsuccessfully asserted his claim concerning the imposition of a Hard 50 sentence in the earlier

---

[1] A copy of this unpublished order is attached.

petition.

For these reasons, the court concludes a transfer of this matter to the Court of Appeals would not be in the interest of justice.

IT IS, THEREFORE, BY THE COURT ORDERED this successive petition for habeas corpus is dismissed for lack of jurisdiction.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 23rd day of November, 2010.

```
                              S/ Sam A. Crow
                              SAM A. CROW
                              United States Senior District Judge
```